# EXHIBIT A

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
04/09/2026
CT Log Number 551874117

## Service of Process Transmittal Summary

**TO:**    David Cleff, Executive Vice President
State National Companies
1900 L. DON DODSON DRIVE
BEDFORD, TX 76021

**RE:**    **Process Served in California**

**FOR:**   NATIONAL SPECIALTY INSURANCE COMPANY  (Domestic State: TX)

### ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | 4LEAF, INC; 4LEAF CONSULTING, LLC 4LEAF MISSISSIPPI, INC.; and 4LEAF CONSULTING, INC. vs. NATIONAL SPECIALTY INSURANCE COMPANY |
| **CASE #:** | 26CV179480 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/09/2026 at 10:03 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  David Cleff  legalcompliance@statenational.com |
| **REGISTERED AGENT CONTACT:** | Amanda Garcia |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 866-401-8252 |
| | LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                                  Thu, Apr 9, 2026
**Server Name:**                           Dion Jones

| Entity Served | NATIONAL SPECIALTY INSURANCE COMPANY |
|---|---|
| Case Number | 26CV179480 |
| Jurisdiction | CA |

| Inserts |
|---|
|  |



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
03/30/2026
Chad Finke, Executive Officer / Clerk of the Court
By: _____ A. Gospel _____ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NATIONAL SPECIALTY INSURANCE COMPANY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
4LEAF, INC.; 4LEAF CONSULTING, LLC; 4LEAF MISSISSIPPI, INC.; and
4LEAF CONSULTING, INC.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*  Alameda County Superior Court
1225 Fallon Street
Oakland, CA 94612

CASE NUMBER: *(Número del Caso):*
**26CV179480**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Miles C. Holden, Mollie H. Levy, Hanson Bridgett LLP, 425 Market Street, 26th Floor, San Francisco, CA 94105; T: (415) 777-3200

DATE: 03/30/2026
*(Fecha)* Chad Finke, Executive Officer / Clerk of the Court

Clerk, by _____ A. Gospel _____ , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of (specify): NATIONAL SPECIALTY INSURANCE COMPANY
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

HANSON BRIDGETT LLP
MILES C. HOLDEN, SBN 263342
mholden@hansonbridgett.com
MOLLIE H. LEVY, SBN 333744
mlevy@hansonbridgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:    (415) 777-3200

Attorneys for Plaintiffs 4LEAF, INC.; 4LEAF
CONSULTING, LLC; 4LEAF MISSISSIPPI,
INC.; and 4LEAF CONSULTING, INC.

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**03/30/2026 at 03:30:11 PM**
By: Andrel Gospel,
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| 4LEAF, INC; 4LEAF CONSULTING, LLC; 4LEAF MISSISSIPPI, INC.; and 4LEAF CONSULTING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL SPECIALTY INSURANCE COMPANY, <br><br> Defendant. | Case No. **26CV179480** <br><br> **COMPLAINT FOR:** <br> **(1) DECLARATORY RELIEF – DUTY TO PAY FOR COVERED LOSS;** <br> **(2) BREACH OF CONTRACT; AND** <br> **(3) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiffs 4LEAF, INC.; 4LEAF CONSULTING, LLC; 4LEAF MISSISSIPPI, INC.; and 4LEAF CONSULTING, INC. hereby complain against Defendant NATIONAL SPECIALTY INSURANCE COMPANY as follows:

### JURISDICTION AND PARTIES

1.    4LEAF, INC. is and was at all relevant times a corporation duly organized under the laws of California with its principal place of business in Pleasanton, California and is and was at all relevant times authorized to transact business in California.

2.    4LEAF CONSULTING, LLC is and was at all relevant times a limited liability company authorized to transact business in California.

1

PLAINTIFFS 4LEAF, INC., 4LEAF CONSULTING, LLC,
4LEAF MISSISSIPPI, INC., AND 4LEAF CONSULTING, INC.'S COMPLAINT

3.    4LEAF MISSISSIPPI, INC. is and was at all relevant times a corporation authorized to transact business in California.

4.    4LEAF CONSULTING, INC. is and was at all relevant times a corporation authorized to transact business in California.

5.    Plaintiffs 4LEAF, INC.; 4LEAF CONSULTING, LLC; 4LEAF MISSISSIPPI, INC.; and 4LEAF CONSULTING, INC. are collectively referred to herein as the "Plaintiffs."

6.    Plaintiffs allege on information and belief that NATIONAL SPECIALTY INSURANCE COMPANY ("Defendant") is and was at all relevant times an insurer doing business in California.

## GENERAL ALLEGATIONS

## I.    THE CYBER INCIDENT AND RESPONSE

7.    Plaintiffs are specialized providers of construction-related services for public works, engineering, building, and planning projects. Plaintiffs' business model depends on field experts submitting project requests through Plaintiffs' proprietary network and online systems.

8.    Plaintiffs detected suspicious activity on their computer network, including widespread encryption across multiple systems, and discovered a ransom note demanding payment of $900,000 in exchange for a decryption key (the "Cyber Incident").

9.    Plaintiffs promptly notified Cowbell Cyber Inc. ("Cowbell"), Defendant's claims administrator,  initiated a forensic investigation, retained breach counsel, and worked with their external information-technology provider to deploy viable network backups in an effort to mitigate the impact of the Cyber Incident. As a result of these efforts, Plaintiffs were able to restore their network without paying the ransom or obtaining a decryption key.

10.    As a direct result of the Cyber Incident, Plaintiffs' network was materially impaired and not fully operational for nine (9) consecutive days (the "Loss Period").

11.    The Cyber Incident affected all of Plaintiffs' offices. During the Loss Period, prospective field experts were unable to submit project requests through Plaintiffs' network, attempted submissions were not received by Plaintiffs, and all work units were either shut down or experienced a significant slow down resulting in lost business income and related loss (the

PLAINTIFFS 4LEAF, INC., 4LEAF CONSULTING, LLC,
4LEAF MISSISSIPPI, INC., AND 4LEAF CONSULTING, INC.'S COMPLAINT

22788679.5

"Loss").

II.    **THE CYBER POLICY**

12.    At all relevant times, Plaintiffs were insured under a cyber insurance policy issued by Defendant, bearing the policy number CLU-CB-S00TZWW88-002 (the "Policy").

13.    The Policy includes, among others, the following insuring agreements:

### SECTION I – INSURING AGREEMENTS

\* \* \*

1.    **Security Breach Expense**

We will pay for **Loss** resulting directly from a **Security Breach**, or a **Cyber Incident** has occurred or is occurring.

\* \* \*

2.    **Extortion Threats**

We will pay for Loss resulting directly from an **Extortion Threat** that is **Discovered** during the Policy Period.

\* \* \*

3.    **Replacement or Restoration of Electronic Data**

We will pay for **Loss** of Your **Electronic Data** or **Computer Programs** stored within a **Computer System** resulting directly from a **Cyber Incident** that is **Discovered** during the Policy Period.

\* \* \*

4.    **Business Income and Extra Expense**

We will pay for **Loss** due to an **Interruption** resulting directly from a **Cyber Incident** or an **Extortion Threat** that is **Discovered** during the Policy Period. With respect to this Insuring Agreement 4, **Loss** means the actual **Loss** of "business income" You sustained and/or "extra expense" You incur.

(Policy, Form No. CY CW 99 12 19, § I (pp. 5-7 of 43).)

14.    The Policy's Insuring Agreement includes the following relevant definitions:

a.    "Business Income" means the:

3

22788679.5

      i.    net income (net profit or loss before income taxes) that would have been earned or incurred; or

      ii.   ·continuing normal operating expenses incurred, including payroll.

  b.    "Extra Expense" means necessary and reasonable expenses You incur:

      i.    during an **Interruption** that You would not have incurred if there had been no interruption; or

      ii.   to avoid or minimize the suspension of **Your E-Commerce Activities**.

"Extra Expense" does not include:

      i.    any costs or expenses associated with upgrading, maintaining, repairing, remediating or improving a **Computer System** as a result of a **Cyber Incident** or **Extortion Threat**; or

      ii.   **Extortion Expenses** covered under Insuring Agreement 2.

(*Id.*, § I.4 (p. 7 of 43).)

15.    The Policy includes the following relevant definitions:

**SECTION VII – DEFINITIONS**

\* \* \*

5.    **Cyber Incident** means:

  a.    Any i) **Hacker** attack; ii) Malicious code; or iii) **Virus** that is directed at, enacted upon or introduced into a **Computer System** (including Your **Electronic Data**) and is designed to access, alter, corrupt, damage, delete, destroy, disrupt, encrypt, use or prevent or restrict access to or the use of any part of a **Computer System** (including Your **Electronic Data**) or otherwise disrupt its normal functioning or operation.

        Recurrence of the same **Virus** after a **Computer System** has been restored shall constitute a separate **Cyber Incident**.

  b.    Any denial of service attack specifically directed at You which disrupts, prevents or restricts access to

4

PLAINTIFFS 4LEAF, INC., 4LEAF CONSULTING, LLC, 4LEAF MISSISSIPPI, INC., AND 4LEAF CONSULTING, INC.'S COMPLAINT

22788679.5

or use of a **Computer System**, as defined in Paragraph 3.b. (1), (2) or (3), or otherwise disrupts its normal functioning or operation.

* * *

7.      **E-commerce Activities** means those activities conducted by You in the normal conduct of Your business via Your website or Your e-mail system.

* * *

14.      **Interruption** means:

a.      With respect to a **Cyber Incident:**

i.      An unanticipated cessation or slowdown of Your **E-Commerce Activities**; or

ii.      Your suspension of Your **E-Commerce Activities** for the purpose of avoiding or mitigating the possibility of transmitting a **Virus** or malicious code to another person or organization;

and, with regard to Paragraphs 14.a.(1) and 14.a.(2), shall be deemed to begin when Your **E-Commerce Activities** are interrupted and ends at the earliest of:

1)      ninety (90) days after the **Interruption** begins;

2)      the time when your **E-Commerce Activities** are resumed; or

3)      the time when service is restored to You.

b.      with respect to an **Extortion Threat**, Your voluntary suspension of Your **E-Commerce Activities:**

i.      based upon clear evidence of a credible threat; or

ii.      based upon the recommendation of a security firm, if any;

and, with regard to Paragraphs 14.a.(1) and 14.a.(2), shall be deemed to begin when Your **E-Commerce Activities** are interrupted and ends at the earliest of:

1)      fourteen (14) days after the

5

22788679.5

Interruption begins;
2)      the time when Your E-Commerce Activities are resumed; or
3)      the time when service is restored to You.

* * *

15.      **Loss** means the definitions set forth in each of the respective Insuring Agreements 1, 2, 3, 4, 5, and 6 of Section 1 – Insuring Agreements.

## III.    PLAINTIFFS' CLAIM AND DEFENDANT'S IMPROPER CLAIM-HANDLING

16.      The Cyber Incident and resulting Loss constitute covered events under the Policy and triggered Defendant's obligation to promptly, fairly, and thoroughly investigate Plaintiffs' claim to Defendant for insurance coverage under the Policy for the Loss and to pay covered amounts owed.

17.      Plaintiffs timely provided notice of the Cyber Incident and claim for insurance coverage in compliance with the Policy. Plaintiffs fully cooperated with Defendant and its agents throughout the claims-handling process, including by promptly responding to requests for information and producing extensive financial and operational records.

18.      Defendant delegated the handling and adjustment of Plaintiffs' claim to its claims administrator, Cowbell , which acted as Defendant's agent and whose conduct is attributable to Defendant.

19.      From the outset of the adjustment process, Defendant and Cowbell possessed sufficient information to evaluate coverage and quantify Plaintiffs' Loss, including detailed financial records, network-outage data, and contemporaneous documentation of the Loss Period.

20.      Plaintiffs submitted a proof of loss totaling approximately $150,000, reflecting what were then calculated to be the business-income losses incurred during the Loss Period to a single and discreet business unit, while expressly reserving its right to expand and supplement the claim (the "Initial Claim"). Plaintiffs incorrectly believed that limiting the Initial Claim to a single and discreet business unit was the easiest and most expedient way to resolve the Initial Claim.

21.      Cowbell acknowledged the Initial Claim and requested additional documentation

6

22788679.5

on behalf of Defendant. Plaintiffs promptly provided all requested information and continued to cooperate fully.

22.    Rather than fairly evaluate the Initial Claim, Defendant and Cowbell retained Baker Tilly to perform forensic accounting services and cited to Baker Tilly's feedback to justify minimizing the value of the Initial Claim they agreed to pay while continuing to request information about the balance of the Initial Claim.

23.    Baker Tilly propounded multiple rounds of document requests, many of which sought information already produced. Plaintiffs nonetheless substantially complied with each request.

24.    Plaintiffs engaged in repeated discussions with Baker Tilly and Cowbell, during which Plaintiffs explained their business model, revenue streams, and the direct causal relationship between the Cyber Incident and the Loss.

25.    Despite possessing this information, Defendant and its agents failed to issue a timely or meaningful coverage determination and instead prolonged the adjustment process without justification by continuing to request information.

26.    Baker Tilly advised Plaintiffs that it had agreed that $7,994 of the Initial Claim should be paid by Defendant, an amount that bore no reasonable relationship to Plaintiffs' documented Loss, while Baker Tilly continued to request additional information for the remainder of the Initial Claim.

27.    On information and belief, Baker Tilly's "validation" of $7,994 of the Initial Claim was not the result of a fair or unbiased analysis, but instead relied on assumptions Defendant knew or should have known were inapplicable to Plaintiffs' operations, including purported "seasonality" and "marketing pushes" that had no bearing on Plaintiffs' business or the Initial Claim.

28.    On information and belief, Defendant knew or recklessly disregarded that Baker Tilly's methodology failed to account for how Plaintiffs actually generate revenue and failed to fairly evaluate the Initial Loss caused by the network outage, including disregarding Plaintiffs' explanations and supporting documentation.

PLAINTIFFS 4LEAF, INC., 4LEAF CONSULTING, LLC,
4LEAF MISSISSIPPI, INC., AND 4LEAF CONSULTING, INC.'S COMPLAINT

22788679.5

29. In response, Plaintiffs undertook their own accounting analysis and submitted a supplemental proof of loss supported by detailed documentation, increasing the Initial Claim to all business units and to services that were either unable to work during the Cyber Incident or suffered an unanticipated cessation and slow down attributable to the Cyber Incident, and seeking the amount of $720,299.11 (the "Updated Claim").

30. The Initial Claim and Updated Claim are collectively referred to herein as the "Claim".

31. Cowbell issued correspondence on behalf of Defendant purporting to discuss "coverage" but failed to issue a clear or coherent coverage determination, instead purporting to reserve Defendant's rights while continuing to demand additional information.

32. Defendant's reservation-of-rights correspondence did not identify any specific factual or legal basis for failing to provide a formal coverage position and functioned as a mechanism to delay payment rather than resolve the Claim.

33. Cowbell issued further requests for information on behalf of Defendant that were largely duplicative of information already provided, further delaying resolution of the Claim.

34. Plaintiffs again complied and produced the requested materials.

35. Even after receiving all requested information multiple times, Defendant and its agents Cowbell and Baker Tilly continued to seek repetitive explanations and additional meetings, demonstrating an apparent intent to prolong the adjustment process rather than reach a fair and prompt resolution.

36. By February 2026, Defendant had all information reasonably necessary to value the Claim. Nevertheless, on February 6, 2026, when Plaintiffs requested an updated claim valuation, Defendant refused to provide one.

37. On information and belief, Defendant's refusal to issue a coverage determination or updated valuation was not based on any genuine dispute regarding coverage or amounts owed, but rather on Defendant's desire to delay, diminish, or avoid its payment obligations under the Policy.

38. At no point did Defendant identify a reasonable basis, grounded in the Policy, law, or the facts, for refusing to pay the covered Loss.

8

PLAINTIFFS 4LEAF, INC., 4LEAF CONSULTING, LLC,
4LEAF MISSISSIPPI, INC., AND 4LEAF CONSULTING, INC.'S COMPLAINT

22788679.5

39.     Defendant's conduct reflects a pattern and practice of unreasonable claims handling, increasing delay, reliance on biased or outcome-oriented consultants/agents, failure to conduct a fair investigation, and refusal to effective payment once liability became reasonably clear.

40.     As of the filing of this Complaint, Defendant has failed and refused to pay covered amounts owed under the Policy.

41.     By improperly refusing to properly pay in connection with the Loss and the Claim, Defendant has caused Plaintiffs to be unreasonably exposed to the Loss.

## FIRST CAUSE OF ACTION

## DECLARATORY RELIEF – DUTY TO PAY FOR COVERED LOSS

## (AGAINST DEFENDANT)

42.     Plaintiffs reallege and incorporate by reference each and every allegation set forth above in this Complaint.

43.     A dispute and actual, justiciable controversy has arisen and now exists between Plaintiffs and Defendant concerning their respective rights, obligations, duties, and liabilities under the Policy in connection with the Loss and the Claim. Plaintiffs assert, and state on information and belief that Defendant partially disputes, among other things, that coverage exists for the Loss and the Claim such that Defendant owes Plaintiffs additional funds under the Policy.

44.     Plaintiffs desire a judicial determination and declaration of the parties' respective rights, obligation, duties, and liabilities under the Policy in connection with the unpaid portions of the Loss and the Claim.

45.     Declaratory relief is appropriate and necessary at this time so that the parties may ascertain their respective rights, obligations, duties, and liabilities under the Policy in connection with the unpaid portions of the Loss and the Claim.

## SECOND CAUSE OF ACTION

## BREACH OF CONTRACT

## (AGAINST DEFENDANT)

46.     Plaintiffs reallege and incorporate by reference each and every allegation set forth

9

22788679.5

above in this Complaint.

47. The Policy is a valid and enforceable written contract which afford Plaintiffs insurance coverage for the Loss and the Claim.

48. Plaintiffs have made written demands that Defendant acknowledge and comply with its obligations to provide coverage under the Policy in connection with the unpaid portions of the Loss and the Claim.

49. Plaintiffs have satisfied all terms and conditions of the Policy that apply, except to the extent that Defendant has prevented Plaintiffs from performing under the Policy and/or Plaintiffs were excused from performing under the Policy.

50. Defendant has breached the Policy by, among other things, wrongfully:

    a. Delaying and failing or refusing to timely investigate and respond to the Loss and the Claim, and complete its coverage analysis;

    b. Delaying and failing or refusing to fully comply with its payment obligations;

    c. Denying Plaintiff the rights to benefits to which Plaintiff is entitled; and

    d. Taking positions contrary to controlling law.

51. By breaching the Policy, Defendant waived its rights under the Policy.

52. As a direct and proximate result of Defendant's breaches, Plaintiffs have been damaged in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### (AGAINST DEFENDANT)

53. Plaintiffs reallege and incorporate by reference each and every allegation set forth above in this Complaint.

54. The Policy contains an implied covenant of good faith and fair dealing under which Defendant agreed not to take any action that would deprive Plaintiffs of Plaintiffs' rights and benefits under the Policy.

55. Defendant has breached this implied covenant of good faith and fair dealing by

10

22788679.5

engaging in a course of conduct intentionally designed to deprive Plaintiffs of Plaintiffs' rights and benefits under the Policy.

56.    Defendant's breaches of the implied covenant of good faith and fair dealing include, but are not limited to, intentionally, wrongfully, maliciously, oppressively, and fraudulently:

    a.    Delaying and failing or refusing to timely investigate and respond to the Loss and the Claim, and complete Defendant's coverage analysis;

    b.    Delaying and failing or refusing to fully comply with its payment obligations;

    c.    Knowingly misrepresenting to claimants, including Plaintiffs, pertinent facts or insurance policy provisions relating to coverages at issue, including under the Policy and other insurance policies;

    d.    Knowingly failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the Policy and other insurance policies;

    e.    Knowingly failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under the Policy and other insurance policies;

    f.    Knowingly not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;

    g.    Knowingly delaying the investigation or payment of claims by requiring insureds and claimants, including Plaintiffs, to submit substantially the same information more than once;

    h.    Knowingly failing to provide promptly a reasonable explanation of the basis relied on in the Policy, in relation to the facts or applicable law, for its failure to pay additional amounts in connection with the Loss and the Claim;

    i.    Basing its claim-handling decisions on the desire to reduce or avoid its

11

22788679.5

obligations to Plaintiffs;

j.    Preferring its own interests over the interests of Plaintiffs;

k.    Denying Plaintiffs the right to benefits to which Plaintiffs are entitled, with the intention of coercing Plaintiffs to forgo these rights and benefits; and

l.    Taking positions contrary to controlling law.

57.    By breaching the implied covenant of good faith and fair dealing, Defendant waived its rights under the Policy.

58.    As a direct and proximate result of Defendant's breaches of the implied covenant of good faith and fair dealing, Plaintiffs have been damaged in an amount to be proven at trial.

59.    As a direct and proximate result of Defendant's breaches of the implied covenant of good faith and fair dealing, Plaintiffs are entitled to recover its attorneys' fees and costs incurred in establishing its rights to obtain benefits under the Policy. Further, Defendant's' conduct, as alleged above, was done with an intentional and conscious disregard of Plaintiffs' rights and with oppression, fraud, and/or malice as defined under California Civil Code § 3294, entitling Plaintiffs to an award of punitive and exemplary damages assessed against Defendant, in sums according to proof, as a means of deterring it from committing similar acts and omissions in the future and punishing it for its wrongful conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1.    As to the first cause of action, a declaration that under the Policy, Defendant is obligated to pay additional amounts for the Loss and the Claim.

2.    As to the second cause of action, general, consequential, and compensatory damages according to proof;

3.    As to the third cause of action, attorneys' fees, costs, and consequential damages according to proof;

4.    Pre-judgment interest according to proof;

5.    Costs of suit and attorneys' fees according to proof;

6.    Punitive and exemplary damages according to proof; and

12

22788679.5

7.    Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

DATED:  March 30, 2026

HANSON BRIDGETT LLP

By: _____

MILES C. HOLDEN
MOLLIE H. LEVY

Attorneys for Plaintiffs 4LEAF, INC.; 4LEAF
CONSULTING, LLC; 4LEAF MISSISSIPPI,
INC.; and 4LEAF CONSULTING, INC.

13

22788679.5

## DEMAND FOR JURY TRIAL

Plaintiffs 4LEAF, INC.; 4LEAF CONSULTING, LLC; 4LEAF MISSISSIPPI, INC.; and 4LEAF CONSULTING, INC. hereby demand a jury trial.

Respectfully submitted,

DATED: March 30, 2026

HANSON BRIDGETT LLP

By: _____

MILES C. HOLDEN
MOLLIE H. LEVY

Attorneys for Plaintiffs 4LEAF, INC.; 4LEAF CONSULTING, LLC; 4LEAF MISSISSIPPI, INC.; and 4LEAF CONSULTING, INC.

22788679.5

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|

NAME: Miles C. Holden (SBN 263342) / Mollie H. Levy (SBN 333744)
FIRM NAME: Hanson Bridget LLP
STREET ADDRESS: 425 Market Street, 26th Floor
CITY: San Francisco    STATE: CA    ZIP CODE: 94105
TELEPHONE NO.: (415) 777-3200    FAX NO.:
EMAIL ADDRESS: mholden@hansonbridgett.com / mlevy@hansonbridgett.com
ATTORNEY FOR (name): 4LEAF, INC.; 4LEAF CONSULTING, LLC; et al.

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
03/30/2026 at 03:30:11 PM
By: Andrel Gospel,
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

CASE NAME:
4LEAF, INC., et al. v. NATIONAL SPECIALTY INSURANCE COMPANY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000) ☐ Limited (Amount demanded is $35,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 26CV179480  JUDGE:  DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Asbestos**
☐ Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/Unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
[x] Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Employment Development Department (EDD)**
☐ EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Comprehensive groundwater adjudication (47)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (*not specified above*) (43)

Judicial Council of California, courts.ca.gov
Rev. January 1, 2026, Mandatory Form
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740
Cal. Stds. Jud. Admin., std. 3.10

**Civil Case Cover Sheet**

CM-010, Page 1 of 3

→

CM-010

2.  Is this case complex under rule 3.400 of the California Rules of Court?    ☐ Yes    ☒ No

If the case is complex, mark the factors requiring exceptional judicial management:

a.  ☐ Large number of separately represented parties

b.  ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve

c.  ☐ Substantial amount of documentary evidence

d.  ☐ Large number of witnesses

e.  ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court

f.  ☐ Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply)*:

a.  ☒ monetary

b.  ☒ nonmonetary; declaratory or injunctive relief

c.  ☒ punitive

4.  Number of causes of action *(specify)*: Three

5.  Is this case a class action suit?    ☐ Yes    ☒ No

6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 30, 2026

Miles C. Holden
_____
(TYPE OR PRINT NAME)

▶
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.

- File this cover sheet in addition to any cover sheet required by local court rule.

- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.

- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

→

CM-010

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/
    Wrongful Death
  Uninsured Motorist (46) *(if the case involves*
    *an uninsured motorist claim subject to*
    *arbitration, check this item instead of Auto)*
**Asbestos**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/Wrongful Death
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death) Tort**
  Product Liability *(not asbestos or toxic/*
    *environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–Physicians &
      Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g.,
      assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest)
    *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not*
      *medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not*
      *unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff
      *(not fraud or negligence)*
    Negligent Breach of Contract/Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book
    accounts) (09)
    Collections Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord-tenant, or*
      *foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs,*
    *check this item; otherwise, report as*
    *Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition re Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case
      Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
      Appeals
**Employment Development Department (EDD)**
  EDD Decision Review (48) *(if the case*
    *involves an Employment Development*
    *Department decision, check this item*
    *instead of Wrongful Termination or Other*
    *Employment)*

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court, rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Comprehensive Groundwater Adjudication
    (47)
  Insurance Coverage Claims *(arising from*
    *provisionally complex case type listed*
    *above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic*
      *relations)*
    Sister-State Judgment
    Administrative Agency Award *(not unpaid*
      *taxes)*
    Petition/Certification of Entry of Judgment
      on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only Injunctive Relief
      Only *(non-harassment)*
    Mechanic's Lien
    Other Commercial Complaint Case *(non-*
      *tort/non-complex)*
    Other Civil Complaint *(non-tort/non-*
      *complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

### What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

    o **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o  **Private Mediation**:  This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

• *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute.  Arbitration is less formal than a trial and the rules of evidence are often relaxed.  Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o  **Judicial Arbitration Program** (non-binding):  The judge can refer a case or the parties can agree to use judicial arbitration.  The parties select an arbitrator from a list provided by the court.  If the parties cannot agree on an arbitrator, one will be assigned by the court.  There is no fee for the arbitrator.  The arbitrator must send the decision (award of the arbitrator) to the court.  The parties have the right to reject the award and proceed to trial.

o  **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated.  This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

## Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations.  Trained volunteer mediators provide these services.  Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA  94702-1612
Telephone: (510) 548-2377     Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – **S**ervices that **E**ncourage **E**ffective **D**ialogue and **S**olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA  94550
Telephone: (925) 373-1035     Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA  94607
Telephone: (510) 768-3100     Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:         FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | |

| SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY |
|---|
| STREET ADDRESS: |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: |
| BRANCH NAME |

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 24405 Amador Street, Hayward, CA 94544 or Fax to (510) 267-5727.

1. Date complaint filed: _____.  An **Initial Case Management Conference** is scheduled for:

   Date:                    Time:                    Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

   ☐ Court mediation        ☐ Judicial arbitration

   ☐ Private mediation      ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PLAINTIFF)

Date:

_____          ▶ _____

Page 1 of 2

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

(TYPE OR PRINT NAME)                              (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

**ALA ADR-001**

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____          ▶ _____
        (TYPE OR PRINT NAME)                            (SIGNATURE OF DEFENDANT)

Date:

_____          ▶ _____
        (TYPE OR PRINT NAME)                     (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Page 2 of 2

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| **COURTHOUSE ADDRESS:** Rene C. Davidson Courthouse Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED** Superior Court of California County of Alameda 03/30/2026 Chad Finke, Executive Officer/Clerk of the Court By: _____ Deputy A. Gospel |
| **PLAINTIFF:** 4LEAF, INC  et al | |
| **DEFENDANT:** National Specialty Insurance Company | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | **CASE NUMBER:** 26CV179480 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | |
|---|---|
| Date: 09/01/2026        Time: 3:00 PM        Dept.: 22 | |
| Location: Rene C. Davidson Courthouse Administration Building, 1221 Oak Street, Oakland, CA 94612 | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Expedited Jury Trials

       If the parties agree, they may try the case in an Expedited Jury Trial.  Code of Civ. Proc. § 630.01 et seq.  In short, the parties would agree to the following: 8 jurors (6 must agree); 3 peremptory challenges per side; 5-hour time limit per side, unless otherwise agreed and approved; one to two court days for completion, unless otherwise agreed and approved; high/low arrangement option; and limited right to appeal.  For additional information, please see the following links:

            • EJT-010-INFO* Expedited Jury Trial Information Sheet (ca.gov)
            • EJT-008 Agreement of Parties (Mandatory Expedited Jury Trial Procedures) (ca.gov)
            • EJT-020 [Proposed] Consent Order for Voluntary Expedited Jury Trial (ca.gov)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>**03/30/2026**<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _A. Gospel_ Deputy<br>A. Gospel |
| PLAINTIFF/PETITIONER:<br>4LEAF, INC et al | |
| DEFENDANT/RESPONDENT:<br>National Specialty Insurance Company | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>26CV179480 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Miles C Holden
Hanson Bridgett LLP
425 Market St Fl 26
San Francisco, CA 94105

Chad Finke, Executive Officer / Clerk of the Court

Dated: 04/03/2026                    By:

A. Gospel, Deputy Clerk

**CERTIFICATE OF MAILING**

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br><br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>03/30/2026<br>Clad Flk, Exectue Offer/Clrk of the Court<br>By: _____ Deputy<br>A Gospel |
| PLAINTIFF(S):<br>4LEAF, INC  et al | |
| DEFENDANT(S):<br>National Specialty Insurance Company | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>26CV179480 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| ASSIGNED JUDGE: | Han Tran |
| DEPARTMENT: | 22 |
| LOCATION: | Rene C. Davidson Courthouse |
| | Administration Building, 1221 Oak Street, Oakland, CA 94612 |
| PHONE NUMBER: | (510) 267-6938 |
| FAX NUMBER: | |
| EMAIL ADDRESS: | Dept22@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 1013)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate).  Parties may arrange and pay for the attendance of a certified shorthand reporter.  In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available.  For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing.  Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

**NOTICE OF CASE ASSIGNMENT**

**ASSIGNED FOR ALL PURPOSES TO**

JUDGE Han Tran

DEPARTMENT 22

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days." The court's website contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

By

A. Gospel, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**

ACSC (Rev. 10/21)

Page 2 of 2